**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EARL LESTER RICHARDSON,  :  <br> : <br> Petitioner,  : <br> : <br> v.  : <br> : <br> CHARLES SAMUELS,  : <br> : <br> Respondent.  : | Civil No. 07-4439 (RBK) <br><br><br> **O P I N I O N** |

**APPEARANCES:**

Earl Lester Richardson, Pro Se
#25584-039
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Karen Helene Shelton
Assistant U.S. Attorney
U.S. Attorney's Office
402 E. State Street
Trenton, NJ 08608
Attorney for Respondent

**KUGLER,** District Judge

Petitioner Earl Lester Richardson, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden

---

[1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the
   Supreme Court, any justice thereof, the district courts
   and any circuit judge within their respective
   jurisdictions.
   ...
   (c) The writ of habeas corpus shall not extend to a
   prisoner unless-- ... (3) He is in custody in violation
   of the Constitution or laws or treaties of the United
   States ... .

Charles Samuels.  On December 4, 2007, Respondent submitted a motion to dismiss (docket entry 13).  Petitioner responded to the motion on December 27, 2007 (docket entry 14).  Because it appears from a review of the submissions that this Court lacks jurisdiction to consider this Petition, and that it is not in the interest of justice to transfer the Petition, the Court will grant the motion to dismiss and dismiss the Petition.  See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## BACKGROUND

Petitioner was convicted in the United States District Court, Eastern District of Michigan, on July 1, 2003 for various drug charges.  He was sentenced to 120 months in prison.

On May 30, 2007, Petitioner filed this habeas petition in the Eastern District of Michigan, and checked off the box on the form petition characterizing the petition as one under 28 U.S.C. § 2241.  As such, the Eastern District of Michigan transferred the matter to this Court on September 18, 2007, which is the district of Petitioner's confinement, and thus, the proper jurisdiction to review any § 2241 petitions filed by Petitioner.

A review of the petition states the following as grounds for relief: (1) "In violation of the Sixth Amendment, Petitioner was illegally coerced by prosecution.  Threats of enhancement as retribution for seeking jury trial were carried out against petitioner;" (2) "Petitioner proffers enhancement based on prior

conviction of over thirty (30) years ago cannot be counted;" (3) "Counting prior convictions in calculating Criminal History points and again for an upward departure in sentencing amounts to double jeopardy;" and (4) "Petitioner proffers ineffective assistance of counsel . . . ." Thus, Petitioner asserts that his sentence was illegally enhanced in violation of his Sixth Amendment right to a jury trial.[2] (See Petitioner's attachment to petition, docket number 5-3).

Respondent's motion asserts that the Eastern District of Michigan erred in transferring to this Court, as this Court does not have jurisdiction over these types of claims, which are more properly brought in a motion under 28 U.S.C. § 2255 in the sentencing court. Petitioner's Reply to the motion asserts that his claim should be considered a § 2241 claim, as § 2255 is inadequate or ineffective to test the legality of Petitioner's detention.

---

[2] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 542 U.S. at 303-04 (internal quotations omitted.) Most recently, in United States v. Booker, 542 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the United States Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

**DISCUSSION**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the facts that he has filed a previous § 2255 motion in the sentencing court (which Petitioner refers to in his Reply). Petitioner, citing Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999), contends that relief under § 2255 now is "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir.), cert. denied, 537 U.S. 1038 (2002); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as

imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  See id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  See id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  See Okereke, 307 F.3d at 120 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker, which is an extension of Apprendi.  See Smith v. Nash, 2005 WL 1965500 (3d Cir.) (unpubl.), cert. denied, 546 U.S. 995 (2005). In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[3]

---

[3] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner's inability to meet the limitations and gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this Petition.  Accordingly, the Petition must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255,[4] which must be filed in the district of conviction, and over which this Court lacks jurisdiction.[5]

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  A second or successive § 2255 motion

---

[4] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner has already pursued an unsuccessful first § 2255 motion, no purpose would be served by a Miller notice.

[5] The Court notes that, even if it possessed jurisdiction over Petitioner's Booker claim, it could not grant Petitioner any relief.  The Court of Appeals for the Third Circuit has recently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued.  See Lloyd v. United States, 407 F.3d 608 (3d Cir.), cert. denied, 546 U.S. 916 (2005).

7

may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing.  See 28 U.S.C. § 2244.

It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Sixth Circuit, as a request for leave to file a second or successive § 2255 motion.  The Court of Appeals for the Sixth Circuit has held that Booker does not apply retroactively to cases on collateral review.  See Humphress v. United States, 398 F.3d 855, 860 (6th Cir.), cert. denied, 546 U.S. 885 (2005).  However, Petitioner is free to apply to the Sixth Circuit Court of Appeals on his own accord for leave to file a second or successive § 2255 motion.

## CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss must be granted, and the Petition must be dismissed, without prejudice, for lack of jurisdiction.  An appropriate order follows.

                                    S/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge

Dated: March 28, 2008